IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUAN SHUQIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1343 |
| ) | |
| BEN RAFOTH and INDIANA ) | Judge Donetta W. Ambrose |
| UNIVERSITY OF PENNSYLVANIA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a motion to dismiss filed by the Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 32. For the reasons that follow, that motion will be granted. Because no amendment to the complaint could remedy the relevant deficiencies, the Plaintiff will not be given leave to amend her complaint.

### I.  Background

Since this matter comes before the Court on a motion to dismiss, the allegations contained in the amended complaint are assumed to be true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). According to the amended complaint, Plaintiff Guan Shuqin ("Guan") is a resident and citizen of the State of New York. Doc. No. 31, ¶ 1. Defendant Indiana University of Pennsylvania ("IUP") is a public university that operates as a part of Pennsylvania's State System of Higher Education ("SSHE"). 24 PA. STAT. § 20-2002-A(a)(7). IUP's main campus is located at 1011 South Drive, in Indiana, Pennsylvania. Doc. No. 31, ¶ 4. Defendant Ben Rafoth ("Rafoth"), a citizen of Pennsylvania, is presently employed as IUP's Director of Graduate

1

Studies in Composition and TESOL.[1] Doc. No. 31, ¶¶ 2-3; http://www/iup.edu/page.aspx?id=58829 (as visited on November 2, 2009). He also teaches courses at IUP. Doc. No. 31, ¶ 7.

During the summer of 1995, Guan was enrolled in IUP's "General Studies in Rhetoric and Linguistics Program" ("Program"), which was a doctorate program. Doc. No. 31, ¶ 6. As a part of the Program, she was required to take an "English 730" course taught by Rafoth. *Id.*, ¶ 7. Guan wrote a paper entitled "The Writing Instructor" as an assignment for the course. *Id.*, ¶ 8. On the last day of class, Rafoth accused Guan of plagiarism in connection with that paper. *Id.*, ¶ 9. As a result of this accusation, Guan received the grade of "F" for the paper and the overall grade of "C" for the course. *Id.*

Guan denied that she had committed plagiarism and moved to appeal her course grade.[2] *Id.*, ¶¶ 10-11. Before the conclusion of the appellate process, Rafoth retaliated against Guan by referring her to the Vice-President of Student Affairs and recommending that she be expelled. *Id.*, ¶¶ 11-12. Acting on the basis of Rafoth's referral, the University Judicial Board ("Judicial Board") reduced Guan's course grade from a "C" to an "F." *Id.*, ¶¶ 14-15. The Judicial Board also placed Guan on "disciplinary probation" for the duration of her academic career at IUP. *Id.*, ¶ 14. Guan was academically dismissed from IUP at the end of the Fall 1995 semester. *Id.*, ¶ 17.

Guan applied for readmission to the Program in March 2007. *Id.*, ¶ 19. Her application was denied. *Id.*, ¶ 20. She alleges that Rafoth and IUP denied her application because of "bias

---

[1] The Court assumes that the acronym "TESOL" stands for "Teachers of English to Speakers of Other Languages." http://www.tesol.org/s_tesol/index.asp (as visited on November 2, 2009).

[2] The amended complaint does not provide any details about IUP's process for appealing course grades.

2

and animosity" stemming from the circumstances surrounding her academic dismissal from IUP in 1995. *Id.*, ¶¶ 21-22. Guan further alleges that Rafoth's plagiarism allegation was false, and that she was not given a "fair hearing" during the 1995 disciplinary proceedings. *Id.*, ¶¶ 13, 18.

## II. Procedural History

Guan filed a *pro se* complaint against Rafoth on September 29, 2008, after receiving leave to proceed *in forma pauperis*. Doc. Nos. 1-3. In her complaint, Guan accused Rafoth of slander. Doc. No. 3. Rafoth moved for the dismissal of the complaint on April 8, 2009, contending that Guan's action was barred by both the applicable statute of limitations and the doctrine of sovereign immunity. Doc. Nos. 13 & 14. On July 31, 2009, the Court denied Rafoth's motion to dismiss without prejudice. Doc. No. 22. Guan was granted leave to amend her complaint on or before August 31, 2009. *Id.* She failed to meet this deadline. On September 18, 2009, Rafoth filed a motion to dismiss Guan's action for lack of prosecution. Doc. No. 25. Guan sought leave on September 30, 2009, to file her amended complaint, claiming that her failure to meet the previous deadline had been due to an illness suffered by an attorney employed by her newly-retained counsel. Doc. Nos. 26-28. This request for leave to amend was granted on October 5, 2009, and Guan's amended complaint was deemed to have been filed as of that date. Doc. No. 29. Rafoth's motion to dismiss for failure to prosecute was denied as moot. Doc. No. 30. In the amended complaint, Guan named both Rafoth and IUP as defendants. Doc. No. 31. On October 13, 2009, Rafoth and IUP filed a motion to dismiss the amended complaint. Doc. No. 32. That motion is the subject of this memorandum opinion.

## III. Standard of Review

In light of the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). This standard requires more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The complaint must allege a sufficient number of facts "to raise a right to relief above the speculative level." *Id.* This requirement is designed to facilitate the notice-pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of [a] claim *showing that the pleader is entitled to relief.*" FED. R. CIV. P. 8(a)(2)(emphasis added).

In considering a motion to dismiss, a court accepts all of the plaintiff's allegations as true and construes all inferences drawn from those allegations in the light most favorable to the plaintiff. *Buck v. Hampton Township School District*, 452 F.3d 256, 260 (3d Cir. 2006). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In addition to the allegations contained in the complaint, a court may consider matters of public record, exhibits attached to the complaint, and other items appearing in the record of the case. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384, n. 2

(3d Cir. 1994).

## IV.     Discussion

The amended complaint is vague with respect to the precise bases for Guan's claims. Guan invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, thereby indicating that her claims are based on Pennsylvania law. Doc. No. 31, ¶ 5. The amended complaint makes no reference to federal question jurisdiction under 28 U.S.C. § 1331, nor does it expressly reference the United States Constitution. Nevertheless, Guan does allege that she was denied her rights to "due process," a "proper appeal," and an "impartial hearing." Doc. No. 31, ¶¶ 18, 24. The Court assumes that this averment is intended to be a reference to the Due Process Clause of the Fourteenth Amendment. Guan repeatedly alleges that Rafoth made false allegations against her. Doc. No. 31, ¶¶ 9, 13-14, 29. She evidently intends for these averments to state defamation claims. Guan also contends that IUP was negligent for failing to terminate Rafoth's employment. Doc. No. 31, ¶¶ 28-31. Given the lack of clarity in the amended complaint concerning the precise nature of Guan's claims, the Court will proceed on the assumption that she asserts procedural due process claims against both IUP and Rafoth, defamation claims against both IUP and Rafoth, and a negligence claim against IUP.[3]

### A.     The Procedural Due Process Claims

Federal constitutional violations committed by state officials are actionable under 42 U.S.C. § 1983, which provides:

> **§ 1983. Civil action for deprivation of rights**
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

---

[3] Even Guan's brief does not precisely explain the legal bases for her claims. Doc. No. 36, pp. 1-6.

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. This statute does not create substantive rights. *Maher v. Gagne*, 448 U.S. 122, 129, n. 11, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). A plaintiff cannot prevail in an action brought under § 1983 without establishing an underlying violation of a federally protected right. *Collins v. City of Harker Heights*, 503 U.S. 115, 119, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). "Section 1983 contains no state-of-mind requirement independent of that necessary to state a violation of the underlying federal right." *Board of County Commissioners v. Brown*, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)(internal quotation marks omitted).

The first step in the Court's analysis is to "identify the exact contours of the underlying right said to have been violated." *County of Sacramento v. Lewis*, 523 U.S. 833, 841, n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). The Due Process Clause of the Fourteenth Amendment provides that "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST., AMEND. XIV, § 1. At the outset, the Court notes that "the range of interests" protected by the Due Process Clause "is not infinite." *Board of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Id.* at 569. Nevertheless, the Due Process

Clause is clearly implicated by the disciplinary decisions made by public universities. *Flaim v. Medical College of Ohio*, 418 F.3d 629, 633 (6th Cir. 2005). Therefore, at the time of her dismissal, Guan had a constitutionally protected property interest in continuing her academic career at IUP.

Under ordinary circumstances, the Court would need to consider whether the "deprivation" at issue in this case was occasioned "without due process of law." U.S. CONST., AMEND. XIV, § 1. The Due Process Clause "raises no impenetrable barrier" to the taking of a person's property. *Fuentes v. Shevin*, 407 U.S. 67, 81, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). What is unconstitutional in this context is not a deprivation of property itself, but rather a deprivation of property *without due process of law*. *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). The essential requirements of the Due Process Clause are notice and an opportunity to be heard. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 545-548, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Once it is determined that the Due Process Clause is implicated by a specific deprivation, the relevant question becomes "what process is due" under the particular circumstances. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "The standard for determining what process is due in a given situation is rather flexible, since the due process inquiry eschews reliance on rigid mandates in favor of an approach which accounts for the factual circumstances of the particular situation at issue." *Tristani v. Richman*, 609 F.Supp.2d 423, 481 (W.D.Pa. 2009). Nonetheless, there is no need for the Court to determine the contours of the "process" required by the Constitution in this case, since Guan did not commence this action in a timely manner.

Relevant to the Court's timeliness analysis is 42 U.S.C. § 1988(a), which provides:

> **§ 1988. Proceedings in vindication of civil rights**
> **(a) Applicability of statutory and common law.** The jurisdiction in civil and criminal matters conferred on the district and circuit courts [district courts] by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C. § 1988(a). The Supreme Court has construed this statutory provision to mean that, in the absence of an explicit federal statute of limitations applicable to the particular claim at issue, "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law."[4] *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)(footnote omitted). In an action brought under § 1983, the applicable statute of limitations is the particular State's limitations period for personal injury actions. *Id.* at 276-280. In Pennsylvania, the limitations period for personal injury actions is two years. 42 PA. CONS. STAT. § 5524(2), (7).[5] Because Pennsylvania's two-year statute of limitations has been

---

[4] Because procedural due process claims were actionable under § 1983 long before December 1, 1990, Guan's claims are not governed by the four-year statute of limitations codified at 28 U.S.C. § 1658(a). *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 381-382, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206-209 (3d Cir. 2009); *Chedwick v. UPMC*, 619 F.Supp.2d 172, 181-187 (W.D.Pa. 2007).

[5] Subsection 2 establishes a two-year statute of limitations for actions "to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 PA. CONS. STAT. § 5524(2). Subsection 7 establishes a two-year statute of limitations for other actions or proceedings "to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct . . . ." 42 PA. CONS. STAT. § 5524(7).

incorporated within federal law by virtue of § 1988(a), it constitutes a binding rule of law in this case. *Board of Regents v. Tomanio*, 446 U.S. 478, 484, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

Guan was academically dismissed from IUP in 1995. Doc. No. 31, ¶¶ 6, 17. That is when the relevant "deprivation" occurred. This action was not commenced until 2008. Doc. Nos. 1 & 3. Thus, Guan's procedural due process claims are clearly barred by Pennsylvania's two-year statute of limitations. *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985). Guan attempts to evade the statute of limitations by contending that this action is timely because it was filed less than two years after IUP denied her application for readmission in 2007. Doc. No. 35, pp. 3-4. As far as her federal claims are concerned, this argument is unavailing. Because Guan was merely an *applicant* for admission in 2007, rather than someone who had already received a letter of acceptance, she had no constitutionally protected property interest in being admitted. *Equal Access Education v. Merten*, 305 F.Supp.2d 585, 611-614 (E.D.Va. 2004); *Ardito v. City of Providence*, 263 F.Supp.2d 358, 370-371 (D.R.I. 2003); *Tobin v. University of Maine System*, 59 F.Supp.2d 87, 90-91 (D.Me. 1999); *Phelps v. Washburn University*, 632 F.Supp. 455, 459 (D.Kan. 1986); *Martin v. Helstad*, 578 F.Supp. 1473, 1480-1482 (W.D.Wis. 1983); *Ramos v. Texas Tech University*, 441 F.Supp. 1050, 1054-1055 (N.D.Tex. 1977); *Szejner v. University of Alaska*, 944 P.2d 481, 486 (Alaska 1997). Given that any federal claims based on her 1995 academic dismissal from IUP are time-barred, and that her application for readmission in 2007 did not give rise to a constitutionally protected property interest, Guan's procedural due process claims must be dismissed.[6]

---

[6] Because Guan apparently asserts procedural due process claims against both IUP and Rafoth, the Court has chosen to address them on statute-of-limitations grounds. Even if these claims had been filed in a timely manner, however, Guan would most likely not be able to proceed against IUP under § 1983. IUP has been recognized as an

## B.     The Claims Arising Under Pennsylvania Law

As noted earlier, the Court understands Guan to assert defamation claims against both IUP and Rafoth, as well as a negligence claim against IUP. Both Defendants claim that they are entitled to sovereign immunity under Pennsylvania law.[7] Doc. No. 36, pp. Doc. No. 33, pp. 14-22. In addition, IUP contends that it is entitled to Eleventh Amendment immunity. Doc. No. 33, pp. 4-7. Although Guan argues that discovery is necessary in order to determine whether IUP is entitled to Eleventh Amendment immunity, she advances no argument concerning the sovereign immunity provided to the Defendants under Pennsylvania law. Doc. No. 36, pp. 1-6. Because it is clear that Pennsylvania law immunizes both IUP and Rafoth from the defamation and negligence claims asserted by Guan in this proceeding, the Court need not consider whether IUP is entitled to Eleventh Amendment immunity.[8]

---

arm of the State for purposes of the Eleventh Amendment. *O'Hara v. Indiana University of Pennsylvania*, 171 F.Supp.2d 490, 495-498 (W.D.Pa. 2001). Section 1983 has not been construed to be an abrogation of the States' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342-343, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Because § 1983 does not abrogate the States' Eleventh Amendment immunity, a State is not a "person" subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 60-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Guan argues that discovery is needed in order to determine whether IUP is entitled to Eleventh Amendment immunity. Doc. No. 36, pp. 1-2. Because all of Guan's claims fail for reasons independent of the Eleventh Amendment, the Court need not resolve this issue.

[7]It is axiomatic that state-law immunities cannot shield state officials from federal causes of action. *Haywood v. Drown*, 129 S.Ct. 2108, 2115, n. 5, 173 L.Ed.2d 920 (2009); *Howlett v. Rose*, 496 U.S. 356, 376-383, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *Martinez v. California*, 444 U.S. 277, 284, n. 8, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). For this reason, the immunities provided to the Defendants under Pennsylvania law have no application to Guan's procedural due process claims. That fact, of course, is inconsequential, since Guan's procedural due process claims are barred by the applicable two-year statute of limitations in any event.

[8]IUP is a part of Pennsylvania's State System of Higher Education ("SSHE"). 24 PA. STAT. § 20-2002-A(a)(7). The United States Court of Appeals for the Third Circuit has held that the SSHE is entitled to Eleventh Amendment immunity. *Skelan v. State System of Higher Education*, 815 F.2d 244, 245-249 (3d Cir. 1987). This Court has previously indicated that IUP is itself entitled to Eleventh Amendment immunity. *O'Hara v. Indiana University of Pennsylvania*, 171 F.Supp.2d 490, 495-498 (W.D.Pa. 2001); *Grassinger v. Welty*, 818 F.Supp. 862, 871, n. 10 (W.D.Pa. 1992). Nevertheless, it cannot be doubted that the question of whether a particular state university is entitled to Eleventh Amendment immunity often requires a detailed, fact-specific inquiry. *Kovats v. Rutgers*, 822 F.2d 1303, 1306-1312 (3d Cir. 1987). Guan argues that such an inquiry cannot be conducted without discovery. Doc. No. 36, pp. 1-2. The Court need not confront this issue, since it is clear that the sovereign immunity

The application of Pennsylvania's Sovereign Immunity Act [42 PA. CONS. STAT. § 8501 *et seq.*] can only be understood by reference to the applicable language of the Pennsylvania Constitution. Article I, § 11, of the Pennsylvania Constitution provides:

> **§ 11. Courts to be open; suits against the Commonwealth**
> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

PA. CONST., ART. I, § 11. As this constitutional provision makes clear, it is the prerogative of the Pennsylvania Legislature to identify the types of "cases" which warrant suits against the Commonwealth of Pennsylvania. *Lingo v. Philadelphia Housing Authority*, 820 A.2d 859, 861 (Pa.Commw.Ct. 2003). Pursuant to this authority, the Pennsylvania Legislature has enacted 1 PA. CONS. STAT. § 2310, which provides:

> **§ 2310. Sovereign immunity reaffirmed; specific waiver**
> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 PA. CONS. STAT. § 2310. In accordance with this statutory provision, Commonwealth employees are entitled to sovereign immunity (in the absence of a specific statutory directive to

---

provided to IUP under Pennsylvania law independently bars Guan's state claims even if it is assumed that IUP is not entitled to Eleventh Amendment immunity.

11

the contrary) for acts committed "within the scope of their duties." *Story v. Mechling*, 412 F.Supp.2d 509, 518-519 (W.D.Pa. 2006).

The Sovereign Immunity Act carefully circumscribes the situations in which Commonwealth parties can be subjected to liability for the torts that they commit while performing their duties. The statutory language most relevant to the Court's analysis is codified at 42 PA. CONS. STAT. § 8522(a), which provides:

> **§ 8522. Exceptions to sovereign immunity**
> **(a) Liability imposed.**–The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 PA. CONS. STAT. § 8522(a).[9] The term "Commonwealth party" is defined as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 PA. CONS. STAT. § 8501. The "instances set forth in subsection (b)" are not broad enough to include defamation claims of the kind asserted by Guan against IUP and Rafoth, nor are they broad enough to include a negligent supervision claim akin

---

[9]Section 8528(b) of the Sovereign Immunity Act provides that "[d]amages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of any plaintiff or $1,000,000 in the aggregate." 42 PA. CONS. STAT. § 8528(b). Section 8528(c) limits the types of damages recoverable from a Commonwealth party to past and future loss of earnings and earning capacity, pain and suffering, medical and dental expenses, loss of consortium, and property losses. 42 PA. CONS. STAT. § 8528(c)(1)-(5). Medical and dental expenses recoverable from Commonwealth parties include "the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant." 42 PA. CONS. STAT. § 8528(c)(3). Damages for property losses are not available in actions "relating to potholes and other dangerous conditions." 42 PA. CONS. STAT. § 8528(c)(5).

to that asserted by Guan against IUP.[10]

While Guan disputes IUP's argument concerning Eleventh Amendment immunity, she makes no attempt to refute the Defendants' arguments concerning the Sovereign Immunity Act. Doc. No. 36, pp. 1-6. The Sovereign Immunity Act specifically provides that employees of *local* agencies are not immune from suits based on acts constituting "a crime, actual fraud, actual malice or willful misconduct." 42 PA. CONS. STAT. § 8550. No similar provision waives the immunity of "Commonwealth parties" who engage in "willful misconduct." *Holt v. Northwest Pennsylvania Training Partnership Consortium, Inc.*, 694 A.2d 1134, 1140 (Pa.Commw.Ct. 1997). Thus, Guan cannot overcome the sovereign immunity of a "Commonwealth party" with allegations of intentional misconduct. Doc. No. 31, ¶¶ 23, 29.

The Pennsylvania Superior Court has recognized that each of the universities that comprise the SSHE is a "Commonwealth party" within the meaning of the Sovereign Immunity Act. *Northamption County Area Community College v. Dow Chemical, U.S.A.*, 566 A.2d 591, 597 (Pa.Super.Ct. 1989). Consequently, the claims against IUP are clearly barred by sovereign immunity. The only question that remains is whether Rafoth was acting "within the scope of his office or employment" when he accused Guan of plagiarism, reduced her grade, referred her to the appropriate authorities for disciplinary action, and dissuaded IUP from readmitting her. 42 PA. CONS. STAT. § 8501.

Pennsylvania defines the "scope" of an individual's "office or employment" by reference

---

[10]Subsection (b) enumerates nine categories of tortious "acts" for which a Commonwealth party is not entitled to sovereign immunity. 42 PA. CONS. STAT. § 8522(b). These categories are referenced in the statutory language as follows: (1) Vehicle liability; (2) Medical-professional liability; (3) Care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) Potholes and other dangerous conditions; (6) Care, custody or control of animals; (7) Liquor store sales; (8) National Guard activities; and (9) Toxoids and vaccines. 42 PA. CONS. STAT. § 8522(b)(1)-(9).

to the *Restatement (Second) of Agency*. *Butler v. Flo-Ron Vending Co.*, 557 A.2d 730, 736 (Pa.Super.Ct. 1989). Pursuant to the test found in the *Restatement*, conduct is deemed to be within the scope of one's employment if it is the kind of conduct that the employee is employed to perform, if it occurs substantially within the time and space limits established by his or her employer, and if it is actuated, at least in part, to serve the mission or purpose of the employer. *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000). Rafoth's actions in relation to Guan fell neatly within the scope of his employment under this test. *Ismael v. Ali*, 276 Fed.Appx. 156, 158-160 (3d Cir. 2008). This remains the case even if Rafoth harbored a personal animosity toward Guan. *Id.* at 160. Indeed, Guan makes no argument to the contrary. Doc. No. 36, pp. 1-6. Hence, Guan cannot proceed with her claims against Rafoth.

**V.      Conclusion**

Guan's procedural due process claims are barred by the applicable two-year statute of limitations, and her remaining claims are barred by the sovereign immunity afforded to IUP and Rafoth under Pennsylvania law. In light of these determinations, the Court need not consider IUP's alternative argument concerning the Eleventh Amendment. Because it is apparent that a curative amendment could neither make the instant action timely nor eliminate the Defendants' entitlement to sovereign immunity, it would be futile for Guan to amend her complaint. *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000). Accordingly, Guan's claims will be dismissed with prejudice, and leave to amend will not be granted. The Defendants' motion to dismiss will be granted in its entirety.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUAN SHUQIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 08-1343 |
| | ) |
| BEN RAFOTH and INDIANA | )  Judge Donetta W. Ambrose |
| UNIVERSITY OF PENNSYLVANIA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 16th day of November, 2009, for the reasons set forth in the foregoing memorandum opinion, the Defendants' Motion to Dismiss (Doc. No. 32) is granted in its entirety. This case is closed forthwith.

BY THE COURT:

*Donetta W. Ambrose*
Donetta W. Ambrose
United States District Judge

cc:   All counsel of record